IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) TERRY BRATT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  16-CV-364-KEW |
| | ) | |
| v. | ) | *(Removed from District Court of* |
| | ) | *Okmulgee County* |
| | ) | *Case No. CJ-2016-121)* |
| (2) DECO SECURITY SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DECO SECURITY SERVICES, INC.'S NOTICE OF REMOVAL

Defendant Deco Security Services, Inc. ("Deco") removes this case from the District Court of Okmulgee County to the United States District Court for the Eastern District of Oklahoma.

### REMOVAL JURISDICTION

1. This case was filed on July 21, 2016 in the District Court of Okmulgee County, State of Oklahoma. Deco, which is the only defendant, was served with the summons and complaint on July 25, 2016. Removal is timely under 28 U.S.C. § 1446 because Deco has filed this Notice of Removal within thirty days of service of the complaint. Removal is permitted under 28 U.S.C. §§ 1331 and 1441 because Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Removal to this Court is proper because Okmulgee County is located in the Eastern District of Oklahoma. 28 U.S.C. §§ 116(a), 1441(a).

2. As required by 28 U.S.C. § 1446(a) and LCvR81.2, Deco has attached to this notice all documents filed in the case (Ex. 1, Petition; Ex. 2, Summons; Ex. 3, Answer to Plaintiff's Petition), along with a copy of the docket sheet (Ex. 4). Upon filing this Notice of

Removal, Deco will provide written notification to the Plaintiff's counsel and will file a Notice of Filing Notice of Removal (attaching a copy of this Notice of Removal) with the District Court of Okmulgee County.

3. Deco reserves all defenses, including, without limitation, those set forth in Federal Rule of Civil Procedure 12(b) and 29 U.S.C. § 1001 *et seq.*

## BACKGROUND

4. During all relevant times, Deco was a government contractor subject to the Service Contract Act of 1965, 41 U.S.C. § 6701, *et seq*. ("SCA"). Among other requirements, the SCA requires that such contractors performing services on prime government contracts over $2,500.00 pay employees certain fringe benefits as specified by an applicable collective-bargaining agreement. 41 U.S.C. § 6703(2). These fringe benefits are often times referred to as a health and welfare benefit or allowance ("H&W Allowance"). The SCA grants such contractors the discretion to pay these fringe benefits to their employees in the form of cash or in the form of a bona fide benefits plan subject to the terms of any operative collective-bargaining agreement. Id.

5. During all relevant times, Deco was a party to a collective-bargaining agreement with the International Union United Government Security Officers of America and its Local 201 ("UGSOA") which specifically represented government security officers in Tulsa, Miami, Bartlesville, Okmulgee and Poteau, Oklahoma, including Plaintiff.

6. The collective-bargaining agreement between Deco and UGSOA in effect for the term of October 1, 2013 through January 31, 2016 ("the CBA") specified the amount of the H&W Allowance to be paid to Deco's UGSOA-represented security-officer employees as well

2

as the form in which said H&W Allowance was to be paid. The CBA required that the H&W Allowance be paid in cash or, if a federal, state or local law, rule or regulation required Deco to offer or provide health insurance to employees, the CBA allowed Deco to provide health insurance to its UGSOA-represented security-officer employees in lieu of a paying the H&W Allowance in cash.

7. While Deco paid its UGSOA-represented security-officer employees their H&W Allowance in cash from October 1, 2013 through December 31, 2014, Deco worked with the UGSOA to implement its payment of the H&W Allowance in the form of enrollment in its Aetna Health Plan, a Deco-sponsored health insurance plan subject to ERISA ("ERISA Health Plan"), beginning January 1, 2015. Accordingly, beginning January 1, 2015, and with UGSOA approval, Deco automatically enrolled its security-officer employees as participants in the ERISA Health Plan in lieu of H&W Allowance cash payments. In a *voluntary* effort to afford flexibility to its security-officer employees who may already have been enrolled in another group medical plan, Deco provided an opportunity for such employees to opt out of participation in the Aetna Health Plan and have their H&W Allowance directed into a Deco-sponsored 401K Plan upon a showing of proof that the employee was already covered by another employer-sponsored health insurance plan. The relevant Deco-sponsored 401K plan is also subject to ERISA ("ERISA 401K Plan").[1]

8. Deco's Plan Documents set forth and govern the administration of this automatic enrollment and limited opt-out policy.

9. Plaintiff was notified prior to January 1, 2015 that he would received his H&W Allowance in the form of enrollment in the ERISA Health Plan and he was also provided with a

---

[1] *See* IRS Form 5500 filed by Deco, Inc. for Plan Year 2014, a true and correct copy of which is attached hereto as Exhibit 5.

3

Benefit Election Waiver form which explained that he could opt-out of the ERISA Health Plan and into the ERISA 401K Plan as described above.

10. Although Plaintiff submitted a completed copy of the Benefit Election Waiver form on January 2, 2015 in an attempt to opt out of the ERISA Health Plan, Plaintiff did not provide the requisite proof of coverage under another employer-sponsored health insurance plan. Plaintiff was advised of this deficiency and the fact that he would remain enrolled in the ERISA Health Plan unless and until such proof was furnished. Plaintiff never submitted further proof of his enrollment in another employer-sponsored health plan.

11. Plaintiff never submitted further proof of his enrollment in another employer-sponsored health plan and, in fact, Plaintiff was not enrolled in another employer-sponsored health plan, but rather an individual health plan. Therefore, Deco directed Plaintiff's H&W Allowance towards the ERISA Health Plan – not the ERISA 401K plan – from January 1, 2015 through the end of Plaintiff's employment with Deco in November 2015.

12. Plaintiff has brought the instant claim against Deco seeking to recover funds he claims Deco was obligated to direct into the ERISA 401K Plan.

**JURISDICTION EXISTS UNDER ERISA**

13. Although Plaintiff's Petition does not expressly reference federal law, his claims nevertheless arise under federal law because they are completely preempted by ERISA. Therefore, this case may be removed because this Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1441.

14. The scope of preemption under ERISA is extremely broad. "The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive pre-emption provisions, which are intended to ensure that employee

benefit plan regulation would be exclusively a federal concern." Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004) (citation omitted) (internal quotation marks omitted). ERISA has such "extraordinary pre-emptive power" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1997). Therefore, "causes of action within the scope of [ERISA's] civil enforcement provisions ... [are] removable to federal court." Id. at 66.

15.　The Supreme Court has established a two-part test to determine whether a state-law claim is completely preempted by ERISA and thus is removable. The first part asks whether the plaintiff "at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)." Davila, 542 U.S. at 210. Section 502(a)(1)(B) of ERISA (29 U.S.C. § 1132(a)(1)(B)) allows a beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The second part asks whether "there is no other independent legal duty that is implicated by a defendant's actions." Davila, 542 U.S. at 210. If the plaintiff could have brought his or her claim under 29 U.S.C. § 1132(a)(1)(B), and there is no independent legal duty implicated by the defendant's actions, then the claim is completely preempted, and the case may be removed. Id.

16.　In the present case, Plaintiff seeks to recover funds he claims were initially "deducted" from his paycheck by Deco to be applied as premiums for the ERISA Health Plan, which funds he alleges should have been deposited into the ERISA 401K Plan. Petition, at ¶¶ 2, 4, 6-7. Plaintiff alleges Deco failed to properly apply these "deducted" funds to his ERISA 401K Plan and has denied him the benefits of the ERISA 401K Plan which would have accrued had Deco done so. Plaintiff alleges he is entitled to recover all such funds from his ERISA 401K

Plan, including principal and lost interest. Petition, at ¶¶ 6-7. In essence, Plaintiff has brought a claim to recover Plan benefits which could only be owing to him due to the existence of the ERISA 401K Plan, a claim which is expressly contemplated by ERISA. 29 U.S.C.A. § 1132(a)(1)(B). Indeed, while Plaintiff may not have purposefully brought his claim under Section 1132(a)(1)(B), he most certainly could have.[2] Accordingly, the first prong of the Davila test is satisfied by Plaintiff's claim as pled.

17.     Additionally, the second prong of the Davila test is met because the terms of Deco's Plan Documents exclusively govern whether and when any portion of Plaintiff's H&W Allowance should have been directed into the ERISA 401K Plan. A similar situation was recently presented before the Tenth Circuit in Salzer v. SSM Health Care of Oklahoma Inc., 762 F.3d 1130, 1138 (10th Cir. 2014). In Salzer, the plaintiff brought a claim against a health care provider for tortious interference with the contract between he and his insurance company based upon the provider's submission of a bill directly to the plaintiff despite the provider having an agreement with the plaintiff's insurer which required it to bill the insurer directly and to accept a discounted rate – the same discounted rate to which the plaintiff was entitled under his contract with the insurer. Salzer, 762 F.3d at 1133. The plaintiff filed his suit in state court and the health care provider removed to federal district court, where the district court as well as the Tenth Circuit found that the plaintiff's claim was completely preempted by ERISA. Id. at 1133, 1137-38.

18.     The Salzer Court found that the plaintiff's claim satisfied the Davila test because it "depend[ed] entirely upon the existence of a benefit contained in an ERISA plan." Id. at 1137.

---

[2] In fact, claims alleging misapplication of SCA-mandated fringe benefits nearly identical to those pled by Plaintiff in his Petition have been previously brought in federal court pursuant to ERISA. See, e.g. Longo v. Trojan Horse Ltd., 992 F. Supp. 2d 612 (E.D.N.C. 2014); Arthur v. TrojanHorse, Ltd., No. CIV. WDQ-12-3156, 2013 WL 4854138 (D. Md. Sept. 10, 2013).

Specifically as to the second prong of the test, the Tenth Circuit reasoned that the plaintiff's claim could only succeed if his ERISA plan actually entitled him to the benefit he sought in his claim and therefore "interpretation of the Plan is a necessary component of the claim and thus the legal duty at issue cannot be described as 'independent of ERISA.'" Id. at 1138 (quoting Davila, 542 U.S. at 210, 124 S. Ct. 2488). The Tenth Circuit ultimately determined that the plaintiff's "right to relief depend[ed] upon Plan provisions."

19.     Similarly here, the entirety of Plaintiff's claim relies upon the merit of Plaintiff's assertion that his H&W Allowance should have been directed into the ERISA 401K Plan, thereby creating the plan benefit which he now seeks to recover. The merit of this assertion simply cannot be determined without an interpretation of the Plan Documents. As in Salzer, Plaintiff's "right to relief depends upon Plan provisions." Salzer, 762 F.3d at 1138. Because Plaintiff's claim satisfies the Davila test, the claim is completely preempted by ERISA.

## CONCLUSION

For the foregoing reasons, Deco removes this action from the District Court of Okmulgee County to the United States District Court for the Eastern District of Oklahoma.

Respectfully Submitted,

**CONNER & WINTERS, LLP**

*/s/ Chris M. Warzecha*
Robert D. James, OBA#16667
Chris M. Warzecha, OBA #30764
4000 One Williams Center
Tulsa, OK  74172-0148
918 / 586-8517; 918 / 586-5692
Rob.james@cwlaw.com
cwarzecha@cwlaw.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of August, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following registrants:

Stephen R. Money
Steve Money Law, PLLC
430 Court St.
Muskogee, OK 74401

Additionally, I hereby certify that a true and correct copy of the above and foregoing was sent by U.S. Postal Service, postage prepaid, this 24th day of August, 2016, to:

Stephen R. Money
Steve Money Law, PLLC
430 Court St.
Muskogee, OK 74401
Attorney for Plaintiff

/s/ Chris M. Warzecha
CHRIS M. WARZECHA